IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| WILLIAM F. MERRITT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-5021-CV-SW-ODS |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

### ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION DENYING BENEFITS AND REMANDING FOR RECONSIDERATION

Pending is Plaintiff's request for review of the final decision of the Commissioner of Social Security denying his application for disability and Supplemental Security Income benefits. The Commissioner's decision is reversed, and the case is remanded for reconsideration.

The Record suggests either (1) Plaintiff requires surgery that has not taken place due to an unresolved workers' compensation claim or (2) minimally, disagreement between equally qualified doctors as to whether Plaintiff requires surgery. If the former, the Commissioner needs to consider this fact. If the latter, the Commissioner needs to explain why one doctor is more credible than the other.

More particularly, the Court observes Dr. Wade Ceola suggested the possibility of surgery as early as January 2004. R. at 146-48. The Record contains references to Plaintiff's other visits to Dr. Ceola, but none of the records. For instance, on April 12, 2004, Plaintiff told Dr. Diane Cornelison he had an upcoming appointment with Dr. Ceola later that month. R. at 172.[1] On September 30, Plaintiff told Dr. Cornelison Dr. Ceola recommended surgery in that April appointment, and the surgery was planned for

---

[1] Interestingly, Dr. Cornelison also indicated Plaintiff's pain had not diminished following injections, medication, and therapy, and she prescribed Methadone to alleviate his pain.

December 2004 or January 2005, depending upon when his workers' compensation claim was resolved. R. at 171. Dr. Cornelison was asked to prepare a Medical Source Statement, but she did not; the Record does not indicate whether Dr. Ceola was asked, but there is not one from him either. Finally, Plaintiff has submitted documentation suggesting the surgery still had not taken place by September 2005, but he was to "follow up with Dr. Ceola for neurosurgery as soon as the worker's compensation issues are settled. Dr. Ceola is working with the caseworker in this regard."

The prospects and need for surgery have not been addressed by the Commissioner. Similarly, the Commissioner has not considered the treatment efforts that were tried and failed, as well as the serious measures (e.g., prescription of narcotic pain medication) employed to provide relief while awaiting surgery.[2]

In summary, there are clues to other visits to Dr. Ceola but the records are absent. The Record also does not support the Commissioner's decision to rely on Dr. Cornelison's opinion and not Dr. Ceola's. The Commissioner's final decision is not supported by substantial evidence in the record as a whole and the Commissioner's final decision is reversed. The case is remanded for reconsideration, which should include (1) a review of all of Dr. Ceola's records, (2) an opportunity for Dr. Ceola to prepare a Medical Source Statement that addresses Plaintiff's functional capacity both before and after surgery, (3) consideration of the treatments that were attempted while awaiting surgery, and (4) anything else the Commissioner deems appropriate.

IT IS SO ORDERED.

DATE: September 7, 2006

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

---

[2] It may be that surgery will provide Plaintiff with sufficient relief that he can return to work – however, it appears he cannot afford the surgery until his workers' compensation claim is resolved and case law establishes that a claimant's inability to afford treatment is a factor that can be considered.